UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORIAH PITTS | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNITED STATES POSTAL SERVICE | § | |
| *Defendant*. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff, MORIAH PITTS, complaining of Defendant, UNITED STATES POSTAL SERVICE, and files Plaintiff's Original Complaint and for cause of action would respectfully show the following:

PARTIES

1. Plaintiff, MORIAH PITTS ("PITTS"), is an individual and a resident of Harris County, Texas.

2. Defendant, UNITED STATES POSTAL SERVICE("USPS"), is an agency and/or corporation of the United States and is authorized to do business in Texas. Defendant may be served with process by serving Jennifer Lowery, United States Attorney, Southern District of Texas at 1000 Louisiana, Suite 2300, Houston, Texas 77002 or wherever she may be found and by sending a copy of the summons and complaint bycertified mail to Merrick Garland, United States Attorney General, U.S. Departmentof Justice at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001. Citation is requested at this time.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy, because the damages are within the jusridictional limits of this Court. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 28 U.S.C. § 1346.Venue is proper in this judicial district,

because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district pursuant to 28 U.S.C. § 1391(b).

<u>FACTS</u>

4.      On or aboutDecember 5, 2020, Plaintiff was lawfully traveling on Point Park Drive in Harris County, Houston when suddenly and without warning an employee for Defendant USPS while in the course and scope of her duties failed to yield the right of way and struck Plaintiff's vehicle.

5.      As a result of the aforementioned collision caused by the negligence ofDefendant, Plaintiff sustained injuries and damages, as will be more fully described hereinafter.

**CAUSES OF ACTION: 28 U.S.C. § 2671 CLAIM/NEGLIGENCE/ RESPONDEAT SUPERIOR**

6.      Defendant, USPS is liable to Plaintiff for USPS's driver's acts and/or omissions of negligence committed during the scourse and scope with USPS, failed to act as a reasonable and prudent driver would have acted under the same or similar circumstances, which caused injuries and damages to Plaintiff. Defendant USPS's driver breached the duty of ordinary care owed to Plaintiff during the course and scope with Defendant in one or more ways, to include, but not limited to the following:

A.      In driving said vehicle at an excessive rate of speed immediately prior to the collision;

B.      In operating said vehicle in a careless and reckless manner;

C.      In failing to keep a proper lookout;

D.      In failing to keep said vehicle under reasonable and proper control;

E.      In failing to pay full time and attention;

F.      In failing to yield right of way;

G.      In failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances; and

H.      In failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle; specifically, Texas Transportation Code §§545.151, 545.351, and 545.401.

7.      Each of Defendant USPS's driver's foregoing negligent acts or omissions, committed within course and scope of employment with Defendant USPS, whether taken singularly or in any combination, was a proximate cause of Plaintiff's inuries and damages, for which Defendant is liable to Plaintiff pursuant to 28 U.S.C. § 2671 and pursuant to the doctrine of respondeat superior.

## DAMAGES – PITTS

8.      As a result of the occurrence in question, Plaintiff sustained serious personal injuries, mental anguish, and physical pain and suffering, medical expenses in the past, and impairment and disability in the past.

9.      Plaintiff will also likely suffer legally recoverable damages in the future.

10.      Plaintiff will respectfully request the Court and Jury to determine the amount of loss Plaintiff has incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.

11.      There are certain elements of damages provided by law that Plaintiff is entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

A.      The physical pain Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

B.      The mental anguish Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

C.      The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the accident in question up to the time of trial and in the future;

D.      The physical impairment which Plaintiff has suffered from the date of the occurrence in question up to the time of trial and in the future;

E.      The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiff from the date of the occurrence in question up to the time of trial and in the future; and,

F.      Property damage, rental car fees, loss of use, and diminished value sustained by Plaintiff.

12.     Plaintiff seeks all legally recoverable damages, including pre-judgment and post-judgment interest.

13.     Plaintiff's damages at this time are in excess of the minimal jurisdictional limits of this Court.

## CONDITIONS PRECEDENT

14.     All conditions precedent to Defendant's liability and Plaintiff's recovery have either occurred or have been satisfied. Plaintiff has fully complied with any and all notice provisions of the Federal Tort Claims Act (28 U.S.C. § 2671 et seq.), the Federal Rules of Civil Procedure, and any other applicable provisions of the law,  as Defendant had actual notice of the incident, and Plaintiff presented her administrative claim to Defendant.

## DESIGNATED E-SERVICE EMAIL ADDRESS

15.     The following is the undersigned attorney's designated e-Service email address for all e-served documents and notices, filed and unfiled to seeserve@hlalawfirm.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendant be cited in terms of law to appear and answer herein; that upon final trial hereof, Plaintiff have judgment against Defendant for all damages, punitive damages, legally recoverable pre-judgment and post-judgment interest, all costs of court, and any other further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**HUSAIN LAW + ASSOCIATES, P.C.**

By: _/s/ Joshua R. Leske_
**JOSHUA R. LESKE**
State Bar No. 24060162
5858 Westheimer, Suite 400
Houston, Texas  77057
Telephone:  (713) 800-1200
Facsimile:   (713) 800-0786
E-serve: eserve@hlalawfirm.com

**COUNSEL FOR PLAINTIFF**